THE HON. GEORGE R. MILBURN, } Associate Justices.
THE HON. WILLIAM L. HOLLOWAY, }

---

COMMISSIONERS:

HON. JOHN B. CLAYBERG,
HON. HENRY N. BLAKE,
HON. W. H. POORMAN.

---

STATE EX REL. HEMPSTEAD ET AL., RELATORS, *v.* DIS-
TRICT COURT OF THE THIRD JUDICIAL DIS-
TRICT ET AL., RESPONDENTS.

(No. 2,016.)

(Submitted December 21, 1903. Decided January 31, 1905.)

*Writ of Supervisory Control—Contempt—Decree—Pleading—
Demurrer.*

1. A petition for an order to show cause why S. should not be pun-
ished for contempt of court in violating a decree, and affidavits in

Mont., Vol. 32—1

its support having been filed in the district court, they were demurred to upon the ground that they did not state facts sufficient to constitute contempt. The demurrer was sustained. Relators applied for writ of supervisory control. *Held,* that the question whether the decree alleged to have been violated was sustained by the pleadings and the evidence, could not be considered by the district court on the demurrer, it having had jurisdiction of the parties and the subject matter, and the writ ordered issued directing the district court to set aside and vacate the order sustaining the demurrer and fix a date for the hearing of the petition.

APPLICATION by the state, on the relation of John Hempstead and others, against the district court of the third judicial district, and Honorable Welling Napton, judge thereof, for writ of supervisory control.    Writ issued.

*Mr. Ed. Scharnikow,* for Relators.

*Messrs. Napton & Napton,* for Respondents.

HON. J. M. CLEMENTS, judge of the first judicial district of Montana, sitting in the place of the chief justice, delivered the opinion of the court.

Application for writ of supervisory control.    On March 17, 1903, John Hempstead, on behalf of himself and others, filed his motion in the district court of Deer Lodge county, praying that Gregor Schwend be cited to appear and show cause why he should not be held for contempt of court, and in support of such motion filed his affidavit and that of one Alex. Lee, charging Gregor Schwend with violating the terms of a decree of that court theretofore made and entered, defining the rights to and distributing the waters of Race Track creek, situated in Deer Lodge county, setting forth, in substance, that Gregor Schwend, being one of the parties to the action in which such decree was entered, had, in violation of the terms of such decree, and in disregard of the directions given him by the commissioner appointed by order of the district court to distribute the waters of Race Track creek to the various parties entitled thereto, diverted the waters of such creek to his own use in excess of that to which he was entitled.

On March 19, 1903, in response to the order to show cause, Gregor Schwend demurred to the affidavits and petition upon the ground that they did not state facts sufficient to constitute contempt. Thereafter, on September 14, 1903, the district court sustained the demurrer, and refused to hear the petition of relators.

On December 9, 1903, relators filed their petition in this court, praying this court to issue its order of supervisory control directed to the district court, and requiring it to set aside and vacate the order sustaining the demurrer to the petition of relators, and directing the district court to at once fix a time for the hearing of such petition, on the ground that the order of the district court sustaining the demurrer and refusing to hear the petition of relators was an abuse of jurisdiction, and in violation of the plain legal rights of the relators.

The affidavit of John Hempstead sets forth the decree distributing the waters of Race Track creek and the amounts allotted to each of the parties entitled thereto in the order of their respective priorities, showing the right of Gregor Schwend to be the twenty-second in the order of priority; also the appointment and qualification of Alex. Lee as commissioner; and that on the 25th day of August, 1902, there was not sufficient water in Race Track creek, at the point where the ditch of Gregor Schwend is taken from the creek, to supply the parties owning rights prior to that of Schwend; that on August 27, 1903, Schwend raised the headgate of his ditch, and diverted one hundred and eighty inches of water to his own use upon his land, after having been notified by the commissioner that the parties owning prior rights desired the use of the water; that he continued so to use the water during the month of September following, in disregard of the order set forth in the decree and the direction given him by the commissioner. The affidavit of Alex. Lee sets forth substantially the same state of facts as that shown by the affidavit of Hempstead.

Respondents move that the writ be refused by this court, and contend that in the original proceedings the district court did not have jurisdiction to decree the relative rights of the

parties to the action as between each other, because at the trial the parties stipulated that each should be deemed to have denied the allegations of every other party to the action. A demurrer admits that all material matters properly alleged are true, and, as the court in this case had jurisdiction of the parties and the subject matter, and the violation of the provisions of this decree is the basis of the charge of contempt, the question of whether the decree is sustained by the pleadings and the evidence cannot be inquired into on demurrer.

Respondents urge that the Act of the legislature providing for the appointment of water commissioners is not constitutional in so far as it interferes with the rights of such of the parties to this suit as were tenants in common when the decree was entered. No authority is cited which supports this contention, and no reason is apparent why the Act contravenes any provisions of the state Constitution.

The affidavits aver facts sufficient to sustain an order holding for contempt, and it is ordered that the writ issue as prayed for.

*Writ issued.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY, being disqualified, takes no part in the foregoing decision.

MR. JUSTICE MILBURN, not having heard the argument, takes no part in the foregoing opinion.